ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 NOV 16  PM 12: 40

DEPUTY CLERK_____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL NO. |
| v. | |
| CASSANDRA SIMS | 3-15CR-519-L |

## PLEA AGREEMENT

Cassandra Sims, the defendant, Sarah Duncan, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**:  Sims understands that she has the following rights:

   a.  to plead not guilty;

   b.  to have a trial by jury;

   c.  to have her guilt proven beyond a reasonable doubt;

   d.  to confront and cross-examine witnesses and to call witnesses in her defense; and

   e.  against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**:  Sims waives these rights and pleads guilty to the offense alleged in Count ~~One~~ Four of the information charging a violation of 18 U.S.C. § 1920, that is, Commission of a False Statement or Fraud to Obtain Federal Employees' Compensation.  Sims understands the nature and elements of the crime to which she is pleading guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

3.   **Sentence:** The maximum penalties the Court can impose include:

    a.   imprisonment for a period not to exceed one year;

    b.   a fine not to exceed $100,000.00, or twice any pecuniary gain to Sims or loss to the victim(s);

    c.   a term of supervised release of not more than one year, which may be mandatory under the law and will follow any term of imprisonment. If Sims violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

    d.   a mandatory special assessment of $25.00;

    e.   restitution to victims or to the community, which Sims agrees will include restitution arising from all relevant conduct, and not limited to that arising from the offense of conviction alone; and

    f.   costs of incarceration and supervision.

4.   **Court's sentencing discretion and role of the Guidelines:** Sims understands that the sentence in her case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Sims has reviewed the guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in her case. Sims understands that she will not be allowed to withdraw her plea if the applicable advisory guideline range is higher than expected, or if the Court departs from the applicable advisory guideline range. Sims will not be allowed to withdraw her plea if her sentence is higher than expected. Sims fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely left to the discretion of the Court.

5.    **Mandatory special assessment:** Sims agrees to pay to the U.S. District Clerk the amount of $25.00, in satisfaction of the mandatory special assessment in her case.

6.    **Defendant's agreement:** Sims shall give complete and truthful information and/or testimony concerning her participation in the offenses of conviction. Upon demand, Sims shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution. Sims expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate her ability to satisfy any financial obligation imposed by the Court. Sims fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, she agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy her full and immediately enforceable financial obligation. Sims understands that she has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court. Sims agrees to resign/retire from the Veterans Administration within five calendar days of the date that she enters a guilty plea in this case.

7.    **Restitution:** Pursuant to 18 U.S.C. §§ 3663(a) and 3663(A), Sims agrees to pay restitution for losses resulting from all of her criminal conduct, and understands that restitution will not be limited to losses stemming from the offense of conviction

alone. Sims agrees that she shall be liable for payment of all restitution. Defendant agrees to cooperate fully in the identification of assets to be applied toward restitution. Victims of the criminal conduct include, but are not necessarily limited to, the Department of Labor and potentially the Social Security Administration. Defendant's cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addendums to said form deemed necessary by the government, within ten days of the guilty plea hearing; (B) submitting to a financial deposition or interview (should the government deem it necessary) prior to sentencing regarding the subject matter of said form; (C) providing any documentation within her possession or control requested by the government regarding her financial condition; and (D) fully and truthfully answering all questions regarding her past and present financial condition in such interview(s). Sims also agrees to be responsible for restitution to the Social Security Administration for relevant conduct arising from the same underlying facts.

8.     **Forfeiture**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the Information and in any bills of particulars, or seized or restrained by law enforcement officers during the investigation(s) related to her criminal cause, including the $1,000.00 in cash and checks she received from Washington. The defendant consents to entry of any orders or declarations of forfeiture regarding all such property and waives any applicable statutes of limitation, and any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609;

18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11, 32.2, and 43(a) of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

9.      **Government's agreement**: The government will not bring any additional charges against Sims based upon the conduct underlying and related to Sims's plea of guilty to Count ~~One~~ four of the Information in her case. The government will file a Supplement in her case, as is routinely done in every case, even though there may or may not be any additional terms.      The government will dismiss, after sentencing, any remaining charges in the pending information. This agreement is limited to the United States Attorney's Office for the Northern District of Texas, and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Sims or any property. In addition, her agreement does not prohibit the government from pursuing any criminal charges unrelated to the charges set out in the Information.

10.     **Violation of agreement**: Sims understands that if she violates any provision of her agreement, or if her guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Sims and others for all offenses of which it has knowledge. In such event, Sims waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other

than a finding that it was involuntary, Sims also waives objection to the use against her of any information or statements she has provided to the government, and any resulting leads.

11.    **Voluntary plea**: Her plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in her plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12.    **Waiver of right to appeal or otherwise challenge sentence**: Sims waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from her conviction and sentence. She further waives her right to contest her conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Sims reserves the rights (a) to bring a direct appeal (i) of a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or her waiver, and (c) to bring a claim of ineffective assistance of counsel.

13.    **Representation of counsel**: Sims has thoroughly reviewed all legal and factual aspects of her case with her lawyer and is fully satisfied with that lawyer's legal representation. Sims has received from her lawyer explanations satisfactory to him concerning each paragraph of the plea agreement, each of her rights affected by her agreement, and the alternatives available to him other than entering into the agreement. Because she concedes that she is guilty, and after conferring with her lawyer, Sims has

**Plea Agreement - Page 6**

concluded that it is in her best interest to enter into the plea agreement and all its terms, rather than to proceed to trial in her case.

14.   **Entirety of Agreement**:   The document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 5th day of November, 2015.

JOHN R. PARKER
ACTING UNITED STATES ATTORNEY

_____
CASSANDRA SIMS
Defendant

_____
P.J. MEITL
Assistant United States Attorney
District of Columbia Bar No. 502391
Virginia Bar No. 73215
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8680
Facsimile: 214.659.8812
Email: philip.meitl@usdoj.gov

_____
SARAH DUNCAN
Attorney for Defendant

_____
RICK CALVERT
Deputy Criminal Chief

## CERTIFICATION

I have read (or had read to me) the Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____          10 - 8 - 15
CASSANDRA SIMS                            Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of the Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into the Plea Agreement is an informed and voluntary one.

_____          10 . 8 . 15
SARAH DUNCAN                              Date
Attorney for Defendant